USCA1 Opinion

 

 November 8, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1164 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. ANDRES GONZALEZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Andres Gonzalez on brief pro se. _______________ Jay P. McCloskey, United States Attorney, and F. Mark Terison, _________________ _______________ Assistant U.S. Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Andres Gonzalez was convicted of ___________ conspiring to possess cocaine with intent to distribute and was ultimately sentenced to serve 210 months in jail. He now appeals from the denial of his motion to vacate his sentence under 28 U.S.C. 2255. We affirm. Gonzalez claims that the district court erred in sentencing him predicated on a finding that his base offense level should be calculated on 15-49 kilograms of cocaine, alleging that it found only that he had conspired to distribute cocaine in excess of 10 kilograms. He also claims that his attorney rendered ineffective assistance of counsel by failing to object to this error at sentencing and on appeal. The sentencing transcript shows clearly that the court found that use of the 15-49 kilogram base offense level was proper because Gonzalez had conspired to distribute in excess of 15 kilograms of cocaine, and we affirmed that finding on appeal. See United States v. Moreno, 947 F.2d 7, ___ _____________ ______ 8-9 (1st Cir. 1991). The sentencing transcript passage to which Gonzalez refers is either a mistranscription of the court's comments or an inadvertent misstatement by the court. Because Gonzalez's claim of error by the court is meritless, so, too, is the claim of ineffective assistance of counsel based on it. Gonzalez also argues that the court had no jurisdiction to sentence him on amounts of cocaine he agreed -2- to provide in negotiations with government agents since his co-conspirator had not participated in those negotiations and had not agreed to provide such amounts. He avers further that his attorney rendered ineffective assistance of counsel by not arguing such lack of jurisdiction at sentencing or on direct appeal. Because these claims were not presented to the district court, they are not before us and we decline to consider them. See United States v. Ocasio-Rivera, 991 F.2d ___ _____________ _____________ 1, 3 (1st Cir. 1993).  Affirmed. _________  -3-